UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

JAMES WILLIAM ELLEDGE,

Plaintiff,

v.

TIM KLAPP,

Defendant.

Federal Case No.:

Magistrate Case No.: 240255

Superior Court Case No.: CE24-00998

CV224-119

## URGENT EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**COMES NOW** the Plaintiff, James William Elledge, and respectfully moves this Honorable Court to issue an Emergency Temporary Restraining Order (TRO) and Preliminary Injunction halting the eviction proceedings currently set in Glynn County Superior Court on October 15, 2024. In support of this request, Plaintiff states as follows:

### INTRODUCTION

This Motion is filed as a matter of extreme urgency. Mr. James Elledge, a 79-year-old man suffering from severe medical conditions, is facing imminent eviction from his home of over a decade. The eviction, initiated by the property's new owner, Mr. Tim Klapp, is retaliatory and in bad faith, arising after Mr. Elledge requested necessary repairs to the uninhabitable property. Mr. Elledge is not a

tenant but has resided in the home under an arrangement made prior to Mr. Klapp's ownership, which permitted him to remain there for life.

Due to the retaliatory and illegal nature of the eviction, Mr. Elledge's advanced age, and his severe medical conditions, this Court's intervention is urgently required. If the eviction proceeds, Mr. Elledge will be rendered homeless, placing his health and life at immediate risk. His medical state, including diabetes, dementia, and mobility impairments, necessitates stable housing and access to refrigerated medication. The burden of his homelessness will also fall on the taxpayers of Glynn County, where Mr. Elledge has been a lifelong resident.

**FACTUAL BACKGROUND**

1. **Mr. Elledge's Long-Term Residence**

Mr. Elledge has resided in his home for over 12 years with the permission of the property's prior owner, who granted him the right to live there for life. In August 2023, Mr. Klapp acquired the property and has since taken steps to evict Mr. Elledge despite the understanding that he could remain.

2. **State of the Home and Critical Repairs**

At the time of Mr. Klapp's acquisition, the property was in severe disrepair, posing numerous health and safety risks, including:

- Faulty electrical outlets and fixtures, creating fire hazards.

- Severely damaged and rotted floors and subfloors.

- Human waste backing up into the home due to a malfunctioning septic system.

- Collapsed sinks, extensive black mold, and rat-infested rotted wood.

- Unsafe porches with missing railings and spindles.

- Lack of ADA accommodations for Mr. Elledge's disabilities.

- Non-functional smoke and carbon monoxide detectors.

- Raw sewage backing up in the yard.

- Appliances malfunctioning and an infestation of black widow spiders.

These conditions made the home uninhabitable, and Mr. Elledge's son, David Elledge, personally paid for repairs to restore the home's safety and livability.

3. **Retaliatory Eviction**

After Mr. Elledge requested reimbursement for the repairs, Mr. Klapp refused and instead threatened to evict him. This threat was documented in a text message, and Mr. Klapp followed through with the threat shortly thereafter, initiating the eviction process in retaliation for Mr. Elledge's repair requests.

4. **Acts of Intimidation**

While the magistrate gave Mr. Elledge 30 days to move, Mr. Klapp immediately sent contractors to the property in an apparent attempt to disturb Mr. Elledge's peace and intimidate him. The contractors destroyed a fence, damaged Mr. Elledge's garden, and desecrated the burial site of deceased pets that Mr. Elledge had shared with the previous owner. These actions further demonstrate Mr. Klapp's bad faith and retaliatory intent.

5. **Health and Medical Concerns**

Mr. Elledge suffers from severe medical conditions, including diabetes, dementia, and mobility impairments due to amputations, which require constant medical care, stable housing, and access to refrigeration for life-saving medications. If the eviction proceeds, Mr. Elledge will be rendered homeless, placing his health and life in immediate danger.

6. **Procedural Failures in Lower Court**

The lower courts have failed to fully consider Mr. Elledge's pleadings, including his advanced age and medical conditions. Their failure to acknowledge these factors amounts to a serious miscarriage of justice, depriving Mr. Elledge of his constitutional rights to due process and equal protection under the law. They failed to perform the basic mental test to ensure Mr. Elledge understood the process, nor did they review any of his motions for relief.

**LEGAL ARGUMENT**

Plaintiff respectfully contends that this Court should grant an Emergency Temporary Restraining Order and Preliminary Injunction for the following reasons:

1. **Likelihood of Success on the Merits**

Mr. Elledge is likely to succeed on the merits of his claims, including violations of the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA), both of which prohibit discrimination based on disability. The retaliatory eviction is a clear violation of these statutes, as well as constitutional protections under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

2. **Irreparable Harm**

If the eviction proceeds, Mr. Elledge will suffer irreparable harm. Given his advanced age and fragile health, homelessness presents an immediate risk to his life. The lack of access to refrigerated

medication could lead to severe medical complications. Displacement from his home would deprive him of the necessary stability required for his well-being.

3. **Balance of Equities**

The balance of equities strongly favors Mr. Elledge. The harm he will suffer if evicted is severe and life-threatening, while the harm to the Defendant in delaying the eviction is minimal. The eviction is retaliatory and illegal, further tipping the balance in Mr. Elledge's favor.

4. **Public Interest**

It is in the public interest to prevent an elderly, disabled man from becoming homeless due to illegal, retaliatory actions. Allowing this eviction to proceed would force Mr. Elledge into homelessness, placing an unnecessary burden on Glynn County taxpayers, who would be forced to provide public assistance and care for Mr. Elledge's medical needs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1. An immediate Temporary Restraining Order preventing Defendant from proceeding with the eviction of Mr. James Elledge.

2. A Preliminary Injunction to maintain the status quo pending a full hearing on the merits of Mr. Elledge's federal claims, including violations of the ADA, FHA, and constitutional due process rights.

3. Grant Mr. Time to submit a memorandum of law supporting his claim, and any other relief this Court deems just and proper.

Respectfully submitted,

*James W Elledge*
James William Elledge

112 Crews Drive

Brunswick, GA 31523

912-275-0378

September 26, 2024