# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JAMES WILLIAM ELLEDGE,

    Plaintiff,

    v.

TIM KLAPP,

    Defendant.

2:24-CV-119

## ORDER

Before the Court is Plaintiff James Elledge's "Emergency Motion for Reconsideration of Preliminary Injunction and Request for Temporary Restraining Order." Dkt. No. 9. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

On October 11, 2024, Plaintiff filed an "Urgent Emergency Motion for Temporary Restraining Order and Preliminary Injunction." Dkt. No. 1. Therein, Plaintiff asked the Court to halt eviction proceedings set in the Superior Court of Glynn County, Georgia. Id. On October 17, 2024, the Court denied the motion, finding it procedurally deficient because it failed to comply with any of Federal Rule of Civil Procedure 65's requirements. Dkt. No. 4. Plaintiff has filed a motion for reconsideration. Dkt. No. 9.

**LEGAL AUTHORITY**

Federal Rule of Civil Procedure 65(a) states that a "court may issue a preliminary injunction *only on notice* to the adverse party." Fed. R. Civ. P. 65(a) (emphasis added). Further, Rule 65(b) states the Court may provide a temporary restraining order ("TRO") without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

**DISCUSSION**

**I.    Motion for Reconsideration**

As a preliminary matter, a motion for reconsideration of a Court's order must be filed within twenty-eight days of the entry of that order. Fed. R. Civ. P. 59(e). The Court entered its Order denying Plaintiff's motion for a preliminary injunction and TRO on October 17, 2024. Dkt. No. 4. Therefore, any motion for reconsideration must have been filed by November 14, 2024. Fed. R. Civ. P. 59(e). Plaintiff did not file his motion for reconsideration until December 5, 2024. Dkt. No. 9. His motion is, therefore, untimely and must be **DENIED**.

**II.    Renewed Motion for Preliminary Injunction and TRO**

To the extent Plaintiff is attempting to renew his motion for a preliminary injunction and TRO, the motion is also **DENIED.**

As before, the Court does not reach the merits of Plaintiff's claims or request for relief because his motion is procedurally deficient for failure to comply with Rule 65's requirements. Plaintiff's motion for a preliminary injunction fails because Defendant has not yet been given notice of these proceedings. See Fed. R. Civ. P. 65(a).

Plaintiff's motion for a TRO also fails.  First, Plaintiff has provided the Court with no affidavit or verified complaint. See Fed. R. Civ. P. 65(b)(1)(A). Although Plaintiff has now filed an actual complaint, the filing is not verified. Further, Plaintiff fails to certify to the Court any efforts he made to provide notice to Defendant or Defendant's counsel or any reasons why notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B). Accordingly, Plaintiff has not shown that an ex parte TRO is warranted.

**CONCLUSION**

Plaintiff's motion for reconsideration, dkt. no. 9, is **DENIED** as untimely.  To the extent Plaintiff seeks to renew his motion for a preliminary injunction and TRO, the motion is also **DENIED.**

3

**SO ORDERED** this _10_ day of December, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4